UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD JAMES SALMON,

    Plaintiff,

v.          Case No. 8:10-cv-998-T-33EAJ

ARAMARK FOOD SERVICE CORPORATION,

    Defendant.
_____

# O R D E R

This cause is before the Court on Defendant's second motion to dismiss Plaintiff Salmon's 42 U.S.C. § 1983 civil rights complaint. (Doc. 27).

## Plaintiff Salmon's Allegations

Plaintiff Salmon contends that in 2007, while he was an inmate at Hardee Correctional Institution, Defendant Aramark Food Service Corporation, through its local representatives, Robert Gilbreath and Tammy Williamson, forced Plaintiff to perform labor beyond his physical abilities and did so under threat of punishment which included being placed in segregation with loss of all privileges. Salmon claims that as a result of Defendant's requiring him to perform the task of pushing heavy trailers that were designed to be pulled by motor vehicles, he suffered an injury that required corrective surgery. Salmon claims that the trailers were loaded with a mechanical fork lift and some trailers

"had more than 2000 to 4000 pounds of food staples; well in excess of the labor and physical abilities of a fifty-four (54) year old man, and this labor consisted of pushing these trailers by hand." Salmon contends that at the time he was required to perform the described work, he weighed 160 pounds, and suffered from high blood pressure and chronic liver disease. He claims that Aramark "knew Petitioner has previously before being incarcerated been given a 100% disability rating for social supplemental income." He claims that Aramark violated his Eighth Amendment right to be free from cruel and unusual punishment and that Aramark was indifferent to his welfare, health and physical safety.

Salmon states that he suffered a tear in his peritoneum causing severe chronic pain. Eventually, Salmon was allowed to visit a specialist at Lake Butler Reception Center in March or April 2008. The doctor referred Salmon for surgery and the surgery was done February 2, 2009. Salmon states that he continues to suffer pain.

### Defendant's First Motion To Dismiss the Complaint

Defendant contended that because Salmon, on July 12, 2009, filed a Complaint in the Circuit Court of the Tenth Judicial Circuit, Hardee County, Florida, alleging a claim for "Personal Injury Negligence," this Court should abstain from assuming jurisdiction based on *Younger v. Harris*, 401 U.S. 37, 44 (1971) and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), extending the *Younger doctrine to civil proceedings.* Defendant contended Salmon's Complaint for "Personal Injury Negligence" alleged facts identical to the allegations in the 42 U.S.C. § 1983 claim before this Court in the present case, and that Salmon could raise his section 1983 claims in the state court action.

### Salmon's Response to Defendant's First Motion To Dismiss the Complaint

Salmon stated, in his response to the motion to dismiss, that on April 26, 2010, he

moved, in state court, to have any Federal claims removed from the state action, and that the state court judge agreed, instructing Plaintiff to amend his personal injury complaint to remove any and all issues concerning federal civil rights violations.

### Denial of Defendant's First Motion To Dismiss the Complaint

This Court denied Defendant's first motion to dismiss stating:

> "A federal court may dismiss an action because of parallel state court litigation only under <u>exceptional</u> circumstances. Indeed, only the clearest of justifications will warrant dismissal." *American Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 884 (11th Cir. 1990) (internal citations and quotations omitted)(emphasis added). "The test for determining when exceptional circumstances exist . . . involves the careful balancing of six factors. The weight to be given any one factor may vary greatly depending on the case; however, the balance is 'heavily weighted' in favor of the federal court exercising jurisdiction." *Id.* These are the six factors: "(1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; . . .(4) the order in which the forum obtained jurisdiction[;]. . . (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect the parties' rights." *American Bankers, 891 F.2d at 884 (citing Colorado River Water Consrv. Dist. v. United States*, 96 S.Ct. 1236 (1976) and *Moses H. Cone Memorial Hosp. v. Mercury Constr.*, 103 S. Ct. 927 (1983)).
>
> Defendant did not discuss any of the *American Bankers* factors in its motion to dismiss. In fact, the motion to dismiss does not mention *American Bankers*.

The dismissal was without prejudice to Defendant's refiling a motion to dismiss discussing the six *American Bankers* factors on or before June 15, 2010.

### Defendant's Second Motion To Dismiss the Complaint

Defendant timely filed its second motion to dismiss the complaint. Defendant discussed the *American Bankers* factors. Plaintiff responded by stating that he would strike Aramark Food Service Corporation as a defendant from the state court action.

**DISCUSSION**

After a review of all pleadings in this case, the Court has determined that Plaintiff is attempting to hold Aramark Food Services Corporation liable under the theory of respondeat superior. *Respondeat superior*, however, is not actionable in 42 U.S.C. §1983 complaints. The Eleventh Circuit has stated that:

> Like municipalities, supervisors cannot be held liable for the acts of employees solely on the basis of *respondeat superior*. *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11th Cir. 1981), *cert. denied*, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982). Supervisory liability is not limited, however, to those incidents in which the supervisor personally participates in the deprivation. *Goodson v. City of Atlanta*, 763 F.2d 1381, 1389 (11th Cir. 1985); *Wilson v. Attaway*, 757 F.2d 1227, 1241 (11th Cir. 1985); *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976). There must be a causal connection between the actions of the supervisory official and the alleged deprivation. *Wilson*, 757 F.2d at 1241; *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir. 1979). This causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need for improved training or supervision, and the official fails to take corrective action. *Wilson*, 757 F.2d at 1241; *Sims*, 537 F.2d at 832.

*Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir.1985). *See Goebert v. Lee County*, 510 F.3d 1312 (11th Cir. 2007) in which the Eleventh Circuit stated:

> The Sheriff had no direct contact with Goebert. The basis for her claim against him is his office's supervisory responsibilities over the jail. We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions. *Cottone*, 326 F.3d at 1360. In order to establish that a defendant committed a constitutional violation in his supervisory capacity, a plaintiff must show that the defendant instituted a "custom or policy [that] result[s] in deliberate indifference to constitutional rights or ... directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir.2007) (per curiam) (first and second alterations in original) (internal quotation marks omitted) (quoting *Cottone*, 326 F.3d at 1360).
>
> As we have explained, "[a] policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). A custom is an unwritten

practice that is applied consistently enough to have the same effect as a policy with the force of law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 926, 99 L.Ed.2d 107 (1988). Demonstrating a policy or custom requires "show[ing] a persistent and wide-spread practice." *Depew v. City of St. Mary's, Ga.*, 787 F.2d 1496, 1499 (11th Cir.1986).

Goebert's official capacity claim against Sheriff Scott relies on the Lee County Jail's policy of not permitting inmates to lie down during the daytime without a pass coupled with the staff's failure to issue such passes when medically necessary. The policy of not permitting inmates to lie down at their leisure during the daytime is a reasonable one. It certainly is not facially unconstitutional. Goebert's claim, in effect, is that this facially constitutional policy was implemented in an unconstitutional manner-one that ignored medical needs.

Our decisions establish that supervisory liability for deliberate indifference based on the implementation of a facially constitutional policy requires the plaintiff to show that the defendant had actual or constructive notice of a flagrant, persistent pattern of violations. *See West*, 496 F.3d at 1329 (" 'The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.' " (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999)); *Mathews v. Crosby*, 480 F.3d 1265, 1271 (11th Cir.), *petition for cert. filed*, 76 U.S.L.W. 3050 (U.S. Jul. 23, 2007) (No. 07-86) (reviewing the facts in the light most favorable to the plaintiff to determine "whether [a prison warden] was put on notice by a history of widespread abuse at [the prison], or whether he had established customs or policies resulting in deliberate indifference to a prisoner's constitutional rights"); *Marsh*, 268 F.3d at 1037 ("Unless a policymaker knows of the need [to remedy an unconstitutional condition], no liability can arise from failure [to do so]."). As the Supreme Court has stated, " 'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997).

Goebert has not shown that the Sheriff had actual knowledge that the lie-in pass policy was being implemented in a way that ignored medical needs. There is no evidence that he knew that, if it was a fact. Nor has Goebert shown that the misapplication of the policy was so widespread that we can attribute constructive knowledge to the Sheriff. In fact, she has not shown that any other inmate had ever been denied a lie-in pass when needed for medical reasons. As a result, she has "failed to meet the 'extremely rigorous' standard for supervisory liability." *West*, 496 F.3d at 1329 (quoting *Cottone*, 326 F.3d at 1360). The district court correctly granted summary judgment to Sheriff Scott.

5

510 F.3d at 1331, 1332. See *also, Bozeman v. Orum*, 199 F. Supp 2d 1216 (M.D. Ala. 2002).

See also, *Hatten v. Prison Health Services,* 2006 WL 4792785, at * 5 (M.D. Fla., Sept. 13, 2006) in which the Court stated:

> Defendants argue that Prison Health Services should be dismissed because a private corporation is not liable under 42 U.S.C. § 1983 unless the Plaintiff establishes that the alleged constitutional deprivation occurred because of a corporation's custom, policy, or practice. Defendants further contend that PHS cannot be held vicariously liable based on *respondeat superior* for the alleged actions of Defendant O'Drain. The Court agrees. As previously stated, § 1983 claims predicated on respondeat superior theories have been uniformly rejected. *Monell,* 436 U.S. 658, 690-692, 98 S.Ct. 2018, 56 L.Ed.2d 611; *LaMarca*, 995 F.2d 1526, 1538 (11th Cir.1993), *cert. denied*, 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994). Nor does Plaintiff's Complaint contain any allegations of a policy, custom or practice that was the "moving force" behind Defendant O'Drain's alleged misconduct. *Board of County Commissioners v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997), *see also Jones v. Cannon*, 174 F.3d 1271, 1292 (11th Cir.1999), *Tennant v. State*, 111 F.Supp.2d 1326 (S.D.Fla.2000). The evidence submitted by Plaintiff also fails to establish any policy, custom, or practice. Consequently, the Court finds Plaintiff's Complaint and evidence fail to state a constitutional claim against PHS.

Plaintiff Salmon has not met the standard for holding Defendant Aramark Food Service Corporation liable under the theory of *respondeat superior.*

**Aramark Food Service Employees Gilbreath and Williamson**

Plaintiff has failed to serve Gilbreath and Williamson. In an abundance of caution the Court will allow Plaintiff to serve the Defendants he identified only as *et al.* on his complaint form, but identified by name in the fact section of his complaint.

Accordingly, the Court orders,

1. That Plaintiff's motions to correct the name of Aramark Food Service Corporation to Aramark Correctional Services, LLC (Doc. 31, 36) are granted.

2. That Aramark Correctional Services, LLC's second motion to dismiss the complaint (Doc. 27) is denied as moot. Aramark Correctional Services, LLC is dismissed as a defendant in this case based on Plaintiff's inability to hold the corporation liable under the theory of *respondeat superior*.

2. That Plaintiff Salmon's motion for summary judgment (Doc. 28) is denied because Defendant timely responded to the Court's order on July 15, 2010.

4. That Plaintiff must complete a Summons and Marshal's form (Form 285) FOR EACH DEFENDANT:

> Plaintiff is required to fill in the name(s) and address(es) of Defendant(s) in the appropriate spaces on the summons and marshal's forms. Plaintiff shall fill in "20" as the number of days allowed to answer. PLAINTIFF MUST SIGN THE 285 FORMS.

Plaintiff must then mail the completed forms to the Clerk's Office. The completed forms must be returned to the Clerk's Office with a copy of the complaint for each defendant on or before **September 30, 2010.** The Clerk is directed to send Plaintiff forms to comply with this order.

The Clerk is further directed to correct the style of this case to identify the additional defendants, Robert Gilbreath and Tammy Williamson.

ORDERED at Tampa, Florida, on September 2, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Howard James Salmon