UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD JAMES SALMON,

       Plaintiff,

v.                            Case No. 8:10-cv-998-T-33EAJ

ARAMARK CORRECTIONAL SERVICES, L.L.C.,
ROBERT GILBREATH,

       Defendants.

_____

## **O R D E R**

This cause is before the Court on Defendant Gilbreath's[1] motion to dismiss Plaintiff's 42 U.S.C. § 1983 civil rights complaint, or in the alternative, motion to stay this case while Plaintiff pursues his claims in state court.  (Doc. 46) Salmon has responded to motion. (Doc. 48).

A review of the record demonstrates that Salmon's complaint must be dismissed for failure to state a claim.

### **PLAINTIFF SALMON'S ALLEGATIONS**

_____

[1]  Aramark Correctional Services, L.L.C. was dismissed as a defendant under the theory of *respondeat superior.* (See Doc. 38).

Plaintiff Salmon contends that in 2007, while he was an inmate at Hardee Correctional Institution, Aramark Correctional Services, L.L.C., through its local representative, Robert Gilbreath, forced Salmon to perform labor beyond his physical abilities and did so under threat of punishment which included being placed in segregation with loss of all privileges.  Salmon claims that as a result of Defendant's requiring him to perform the task of pushing heavy trailers that were designed to be pulled by motor vehicles, he suffered an injury that required corrective surgery. Salmon claims that the trailers were loaded with a mechanical fork lift and some trailers "had more than 2000 to 4000 pounds of food staples; well in excess of the labor and physical abilities of a fifty-four (54) year old man, and this labor consisted of pushing these trailers by hand."  Salmon contends that at the time he was required to perform the described work, he weighed 160 pounds, and suffered from high blood pressure and chronic liver disease.  He claims that Aramark "knew Petitioner has previously before being incarcerated been given a 100% disability rating for social supplemental income."   He claims that Aramark violated his Eighth Amendment right to be free from cruel and unusual punishment and that Aramark was indifferent to his welfare, health and physical safety.

Salmon states that he suffered a tear in his peritoneum causing severe chronic pain. Eventually, Salmon was allowed to visit a specialist at Lake Butler Reception Center in March or April 2008.  The doctor referred Salmon for surgery and the surgery was done February 2, 2009.  Salmon states that he continues to suffer pain.

Plaintiff seeks nominal, compensatory, and punitive damages.

### STANDARD OF REVIEW FOR RULE 12(b)(6) MOTIONS TO DISMISS

On a motion to dismiss for failure to state a claim upon which relief can be granted,

the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),  the Supreme Court expressly "retired" the "no set of facts" pleading standard under Rule 8(a)(2) that the Court had previously established in *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *Twombly*, 550 U.S. at 563. Justice Black wrote for the Court in *Conley* on the rejection of "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46.  In rejecting that language, the *Twombly* Court noted that courts had read the rule so narrowly and literally that "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." 550 U.S. at 561 (internal quotation marks and alterations omitted).

While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As a general proposition (and setting aside for the moment the special pleading requirements that attach to § 1983 claims subject to a qualified immunity defense), the rules of pleading do "not require heightened fact pleading of specifics, but

only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Judicial

inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair

notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551

U.S. at 93 (quoting *Twombly*, 550 U.S. at 555). Factual allegations must be enough to raise

a right to relief above the speculative level on the assumption that all of the complaint's

allegations are true. *Twombly,* 550 U.S. at 555-56.

   *Twombly* applies to § 1983 prisoner actions. *Douglas v. Yates*, 535 F.3d 1316 (11th

Cir. 2008). As the Eleventh Circuit has explained, "[w]e understand *Twombly* as a further

articulation of the standard by which to evaluate the sufficiency of all claims brought

pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43

(11th Cir. 2008).

   The Supreme Court has applied the *Twombly* plausibility standard to another civil

action, *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009).  In evaluating the sufficiency

of Iqbal's complaint in light of *Twombly's* construction of Rule 8, the Court explained the

"working principles" underlying its decision in *Iqbal.* 129 S. Ct. at 1949.

   First, the Court held that "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Second,

restating the plausibility standard, the Court held that "where the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged--but it has not 'show [n]'-'that the pleader is entitled to relief.' " *Id.* at 1950 (quoting

Fed.R.Civ.P. 8(a)(2)). The Court suggested that courts considering motions to dismiss

adopt a "two-pronged approach" in applying these principles: 1) eliminate any allegations

in the complaint that are merely legal conclusions; and 2) where there are well-pleaded

factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* **Importantly**, the Court held in *Iqbal*, as it had in *Twombly*, that courts may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *Id.* at 1951-52 (quoting *Twombly*, 550 U.S. at 567). Finally, the Court in *Iqbal* explicitly held that the *Twombly* plausibility standard applies to all civil actions because it is an interpretation of Rule 8. *Id.* at 1953.

## DISCUSSION

Salmon has claimed deliberate indifference and reckless disregard for his safety. Specifically, Salmon alleges Defendant knew or should have known Salmon was at a substantial risk for physical harm. Salmon has provided no factual basis to support this bald allegation. Salmon simply has stated conclusions and a formulaic recitation of the elements of a cause of action. By so doing, Salmon has failed to meet the plausibility pleading standard in *Twombly*.

Salmon's allegations do not rise to the level of "willful and wanton" infliction of pain. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court established the factors to review when claims of a prisoner's Eighth Amendment rights are violated. Among those factors are whether prison officials possess a sufficiently culpable state of mind. The Supreme Court went on to state that only the "unnecessary and wanton infliction of pain" implicates the Eighth Amendment. *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153 (1976)). A prisoner advancing such a claim must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. *Estelle*, 429 U.S. 106. "It is only

such indifference" that can violate the Eighth Amendment. *Id.*

In *Whitley v. Albers,* 475 U.S. 312 (1986), an inmate who was shot by a guard during

an attempt to quell a prison disturbance contended that he had been subjected to cruel and

unusual punishment. The Supreme Court stated:

> After incarceration, only the unnecessary and wanton infliction of pain…
> constitutes cruel and unusual punishment forbidden by the Eighth
> Amendment. To be cruel and unusual punishment, conduct that does not
> purport to be punishment at all must involve more than ordinary lack of due
> care for the prisoner's interests or safety…. It is obduracy and wantonness,
> not inadvertence or error in good faith, that characterize the conduct
> prohibited by the Cruel and Unusual Punishment Clause.

475 U.S. at 319.

The cases cited above mandate inquiry into a prison official's state of mind when a

plaintiff claims that the official inflicted cruel and unusual punishment. Here, Salmon's

allegation that he was forced to perform labor beyond his physical abilities under threat of

punishment simply fails to establish the requisite culpable state of mind. Salmon fails to

provide any factual basis showing the Defendant was deliberately indifferent to Salmon's

physical abilities and medical needs. Moreover, Salmon has not established that

Defendant's action rose to the level of unnecessary and wanton infliction of pain pursuant

to *Estelle.* At best, Defendant's actions constitute negligence or an error in good faith which

does not rise to the requisite level to meet the deliberate indifference standard.

Pursuant to *Twombly* and *Iqbal*, the Court assumes the  veracity of Salmon's facts.

After doing so, the Court has determined that the facts do not plausibly give rise to an

entitlement to relief because the Defendant's conduct in directing Salmon to perform

manual labor, although perhaps negligent, was lawful and constitutional.

Salmon is pleading a personal injury case labeled as a prisoner civil rights case.  His

allegations do not rise to the level sufficient to sustain a civil rights claim for damages.

Accordingly, the Court orders:

That Defendant's motion to dismiss (Doc. 46) is granted. Salmon's complaint is dismissed, without prejudice. The Clerk is directed to terminate all pending motions and to close this case.

ORDERED at Tampa, Florida, on November 24, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record

Howard James Salmon